An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

CHRISTOPHER KEITH LASH,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61401

**FILED**

JUN 13 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of battery resulting in substantial bodily harm. First Judicial District Court, Carson City; James Todd Russell, Judge.

Appellant Christopher Keith Lash contends that the district court erred by giving the jury a flight instruction because the evidence showed only that he left the scene and went home. Even assuming that the district court abused its discretion by giving this instruction, *see Ouanbengboune v. State,* 125 Nev. 763, 774, 220 P.3d 1122, 1129 (2009) (reviewing the district court's decision regarding the issuance of a jury instruction for an abuse of discretion); *e.g., Weber v. State,* 121 Nev. 554, 581-82, 119 P.3d 107, 126 (2005) (describing when a flight instruction is appropriate), we conclude that the error did not have a "substantial and injurious" influence or effect on the jury's verdict, *Tavares v. State,* 117 Nev. 725, 732, 30 P.3d 1128, 1132 (2001) (internal quotation marks omitted) (describing non-constitutional harmless error); *see also* NRS 178.598.

Lash next contends that the district court erred by denying his motion to instruct the jury that it must presume the victim threatened

him. Lash asserts he was entitled to this instruction because police failed to gather evidence of the threat that was available at the scene. An evidentiary presumption is warranted where police demonstrate gross negligence by failing to gather material evidence. *Daniels v. State*, 114 Nev. 261, 267-68, 956 P.2d 111, 115 (1998). Here there was no demonstration that the police acted with gross negligence. Therefore, the district court did not abuse its discretion by denying Lash's motion. *See Ouanbengboune*, 125 Nev. at 774, 220 P.3d at 1129.

Finally, Lash contends that cumulative error deprived him of a fair trial. Because he demonstrates only one possible error, we conclude that Lash is not entitled to relief on this claim. *See U.S. v. Sager*, 227 F.3d 1138, 1149 (9th Cir. 2000) ("One error is not cumulative error."). Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. James Todd Russell, District Judge
       State Public Defender/Carson City
       Attorney General/Carson City
       Carson City District Attorney
       Carson City Clerk